19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Angelo DICESARE, Plaintiff-Appellant,
v.
Jess WALKER, Carl Sloan, Russell Goodecke, Denver Davenport,
J.D. Baldridge, David Poplin, and Unknown Impound
Yard, Vinita, Craig County, Oklahoma,
Defendants-Appellees.
 No. 93-5265.
 United States Court of Appeals, Tenth Circuit.
 March 23, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joseph Angelo Dicesare (Dicesare), an inmate of the Oklahoma State Reformatory at Granite, Oklahoma, appearing pro se, appeals from the district court's dismissal of his May 2, 1991, 42 U.S.C.1983 civil rights complaint as barred by the statute of limitations. In his complaint, Dicesare alleged that the six named defendants-appellees, officials of Craig County, Oklahoma, had violated his Fifth and Fourteenth Amendment rights when they unlawfully seized and retained five of his trucks on September 14, 1988, and failed to return the trucks to him on January 12, 1990, when certain charges filed against him were dismissed.
 
 
 3
 In his complaint, Dicesare sought compensatory damages of $30,000 against each defendant, punitive damages of $15,000 against each defendant, replacement of the five trucks, attorney fees and forfeiture of bail bonds, and injunctive and declaratory relief.
 
 
 4
 The district court found that Dicesare's cause of action for the alleged unlawful seizure and retention of his five trucks arose when they were taken on September 14, 1988, and thus was barred by Oklahoma's two-year statute of limitations.
 
 
 5
 On appeal, Dicesare argues that the district court erred in evaluating when his cause of action actually accrued. He contends that the cause of action did not accrue until he received a letter on February 11, 1993, from the Craig County Court Clerk informing him that there had not been a forfeiture hearing to that date concerning the trucks. He states that this letter was his first inkling of the current status/retention of his trucks. Dicesare requests that we reverse and remand for further proceedings and order up a Martinez report into the status of his trucks.
 
 
 6
 The district court found, and there is no challenge to this finding on appeal, that the applicable statute of limitations under Oklahoma law governing a civil rights action is the two-year limitation applicable to an action for personal injuries, citing to Meade v. Grubbs, 841 F.2d 1512, 1523 (10th Cir.1988). See also Jackson v. Grider, 691 F.2d 468 (Okla.App.1984). Furthermore, the court found that the cause of action accrued at the time that the injury occurred, and that the two-year limitation period may be excused or tolled only if the complainant was not aware of the facts and could not have discovered them through the exercise of reasonable diligence. The district court then correctly reasoned:
 
 
 7
 Plaintiff's contention that he could not reasonably have discovered all the elements of his action until he received the [February 11, 1993] letter from the District Court Clerk lacks merit. The allegations in his complaint reveal that Plaintiff had knowledge of the alleged unlawful retention at least as of January 1990, when false charges were dismissed. The February 1993 letter from the District Court Clerk simply stated that no forfeiture had occurred in his criminal case. Thus, the allegations in the complaint establish that the two-year statute of limitations has expired and that Plaintiff knew or could have discovered the facts upon which his current claims are based within the limitations period. See Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) (where a complaint shows on its face that the applicable statute of limitations has expired, a motion to dismiss for failure to state a claim is appropriate.
 
 
 8
 Plaintiff's inmate status is insufficient justification for tolling the statute of limitations. Oklahoma has no tolling provision for civil lawsuits filed by prisoners. See Hardin v. Straub, 490 U.S. 536, 540 n. 8 (1989). Thus, Plaintiff's due process claim for retention of his trucks is hereby dismissed. (R., Vol. I, Tab 12, pp. 2-3).
 
 
 9
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470